35 So.2d 360

**LOWREY v. STATE.**

2 Div. 765.

Court of Appeals of Alabama.
Feb. 3, 1948.

Rehearing Denied March 9, 1948.

De Graffenried & McDuffie, of Tuscaloosa, and John W. Drinkard, of Linden, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

No question is involved as to the regularity of the proceedings in the trial of this case as shown by the record proper.

The defendant was indicted, charged with the offense of murder in the first degree, in that "he unlawfully and with malice aforethought, killed James Belton Lowrey, by shooting him with a gun or pistol," etc.

In answer to the indictment, upon arraignment, he interposed his plea of not guilty, and (2) not guilty by reason of insanity.

The trial resulted in the conviction of defendant for the offense of manslaughter in the first degree and punishment fixed at imprisonment in the penitentiary for a period of five years.

The evidence, in the transcript, portrays a most unfortunate tragedy, wherein the father, admittedly, killed his own son. Under his plea of not guilty the defendant relied upon self defense. It appears also that this appellant was grievously wounded in the mutual combat, as the evidence discloses he was shot several times by his son. The evidence in this connection was in conflict. That for the State, tended to show that defendant not only entered into the fight willingly, but by words, acts and conduct contributed to and brought on the difficulty which resulted in the death of his own son, James Belton Lowrey.

The defendant, on the other hand, strenuously insisted that he was forced to take the life of his son in order to protect his own life, or to save him from suffering great injury and bodily harm. His own evidence, which was corroborated by the testimony of other witnesses, tended to bear him out in the foregoing insistence. As stated, the evidence on this crucial issue was in sharp conflict, hence, for the determination of the jury.

Upon the trial the evidence was allowed to take a wide and unusual scope. We are of the opinion this was permitted by the learned trial judge in view of the dual pleas interposed in answer to the indictment. We see nothing in this connection which tended to injuriously affect the substantial rights of the defendant.

Pending the trial innumerable exceptions were reserved to rulings of the court. Able and earnest counsel for appellant filed copious and well prepared briefs. We have carefully, attentively and painstakingly examined and considered each and every ruling of the trial court complained of as error and have failed to find any ruling of the court which tended to erroneously and injuriously affect the substantial rights of the defendant. It would entail an almost unending task to discuss these innumerable questions in detail, and in view of the full, clear, exhaustive and correct instructions of the trial court, which covered every phase of the law involved in this connection, and to which no exception was reserved, it would serve no good purpose for this court to deal with or discuss in detail all of these insistences, which would necessarily result in the mere reiteration of the principles of law involved, which have been decided and announced for many years by the appellate courts of this State. The law of self defense, in its every aspect, and also pertaining to the plea of not guilty by reason of insanity, was fully and fairly given, not only in the most excellent oral charge of the court, which charge consumed about fifteen pages of the transcript, but also in the given charges requested by defendant, which were about sixty in number.

On the two material issues involved in this case, the evidence as to each issue, was in conflict and was for the jury to consider and determine.

We are clear to the opinion that it affirmatively appears that a fair and im-

partial trial, such as the law contemplates and provides, has been accorded the accused in this case. The evidence upon each issue was ample to justify the jury in its verdict, and to sustain the judgment of conviction pronounced and entered.

Affirmed.

## On Rehearing.

On the application for rehearing the following insistence appears: "We also earnestly insist that the Trial Court erred in refusing to give the general affirmative charge for the defendant. The great preponderance of the evidence and in fact the almost uncontroverted evidence in the case showed, beyond sound reasonable doubt, that the shooting occurred in appellant's home, that the deceased was the aggressor throughout, provoked the difficulty, and that the appellant was acting under reasonable apprehension that his life was in imminent danger of being taken at the time he fired the pistol shot resulting in the death of the deceased. The evidence shows clearly that, regardless of who fired the first shot, the deceased had a loaded pistol in his hand pointed at the appellant and had made immediate threats of taking the life of appellant at the immediate time, and that the entire conduct of the deceased was such as to indicate to appellant that it was either a question of defending himself or being killed from an immediate assault being committed upon him at the time by the deceased."

The facts stated in the foregoing insistence are not sustained by the record, and are unfounded in many respects. There is no phase of this case which entitled defendant to a directed verdict. The preponderance of the evidence, by numerous witnesses, tends strongly to show that the defendant not only, by violent and profane words, and belligerant conduct, contributed to the situation that brought on and caused the difficulty, but also that he entered into the combat willingly. The testimony of the only eyewitness to the fatal shooting was the son of defendant, Leonard M. Lowrey, Jr. This witness, among other things, stated he saw his father shoot the deceased first, that he fired one shot into the body of deceased in close proximity, that the appellant then turned and fled from the room with deceased firing some three or four shots at the appellant as he fled. The appellant received two or three wounds, and the evidence of Dr. Marcus Skinner, the surgeon who examined and treated the wounds upon him disclosed that said wounds entered the body of appellant from the rear. His statement as to this is as follows: "These said wounds of said Leonard M. Lowrey in my opinion each made their point of entrance into his body from the rear." This undisputed fact tends strongly to corroborate the evidence of State witness Leonard M. Lowrey, Jr., the only eyewitness referred to hereinabove.

In the application for rehearing counsel for appellant also complains of the ruling of the trial court wherein the court allowed the State to prove by State's witness Mrs. L. M. Lowrey, wife of defendant, and mother of deceased, that within two minutes after the shooting that deceased said to her, "Mother, if anything happens to me, will you take care of my two children." We pretermit the controverted question as to whether or not the matter complained of was of the res gestæ, and also the insistence by the State, to the effect the question is not properly presented for consideration, as we are clear to the conclusion, after an examination of the entire cause that no prejudicial error inured to defendant as a result of said ruling. The law is, on appeal reversal will not be charged on grounds of improper admission or rejection of evidence, unless, in the opinion of the appellate court, after examination of the entire evidence, it appears that the alleged error complained of has probably injuriously affected the substantial rights of the defendant. In line with the foregoing Supreme Court Rule 45, Code 1940, Tit. 7 Appendix is also applicable to the case at bar. Said rule is as follows: "Hereafter no judgment may be reversed or set aside, nor new trial granted by this court or by any other court of this state, in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opin-

 

ion of the court to which the appeal is taken, or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."

Opinion extended. Application for rehearing overruled.